UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JASON DUHAIME,<br><br>Defendant. | Criminal No. 22cr10290<br><br>Violations:<br><br>Count One: False Information and Hoaxes<br>(18 U.S.C. § 1038(a)(1)(A))<br><br>Count Two and Three: False Statements<br>(18 U.S.C. § 1001(a)(2)) |

INDICTMENT

At all times relevant to this Indictment:

Introductory and General Allegations

1. The Defendant, JASON DUHAIME, was employed as the New Technology Manager and Director of the Immersive Media Labs (hereinafter, the "Lab") at Northeastern University in Boston, Massachusetts ("Northeastern").

2. The Lab was located on the third floor of Holmes Hall in Room 374. DUHAIME's office was located adjacent to the Lab in Room 373. The Lab contained equipment used to design and develop virtual worlds (*e.g.*, virtual reality and augmented reality), gaming software, and physical computers, among other things. As the New Technology Manager and Director of the Lab, DUHAIME was responsible for acquiring and managing that equipment.

3. On September 13, 2022, DUHAIME was working in the Lab with two Northeastern graduate students (hereinafter, "Student #1" and "Student #2"). At approximately 7:00 p.m., after Student #2 had left the Lab for the evening, DUHAIME called 911 from inside the Lab using his cell phone. He told the 911 operator that he and Student #1 had collected several packages from

1

a mail staging area on the first floor and brought them into the Lab. Among the packages were two opaque plastic cases, commonly referred to as "Pelican" cases. DUHAIME told the 911 operator that he brought the plastic cases into a storage closet inside the Lab. DUHAIME said that when he opened one of the cases inside the closet, "stuff flew out" causing injuries to his "hand." DUHAIME described the objects that "flew out" of the case as "very sharp." DUHAIME told the 911 operator he also found a "violent note" inside the case (hereinafter, the "Threat Letter").

4. Multiple law enforcement agencies responded to DUHAIME's 911 call, including the Northeastern Police Department ("NPD"), the Boston Police Department ("BPD"), the Federal Bureau of Investigation ("FBI"), the Bureau of Alcohol, Firearms and Tabaco ("ATF"), the Harvard University Police Department, the MIT Police Department, and others. Bomb squads from BPD and FBI also arrived on campus. Holmes Hall and several nearby buildings were evacuated. At the same time, NPD issued campus-wide alerts, including one that described an "explosion" at Holmes Hall and instructed students and others to avoid the area. At least one nearby university closed its campus for precautionary reasons.

5. When law enforcement officers arrived at the Lab, the plastic case (hereinafter, the "Subject Case") was located on a table near the storage closet. The Subject Case was empty. It bore no apparent marks, dents, cracks, holes, or other indications that it had been exposed to a forceful or explosive discharge of any type or magnitude. The interior and exterior of the Subject Case contained no apparent traces of explosive chemicals or residues, nor did the case appear to have been tampered with in any way.

6. The Threat Letter, which was typewritten on a single piece of white paper, was located on the table next to the Subject Case. Although DUHAIME told the 911 operator that he found the Threat Letter inside the Subject Case, the letter bore no apparent holes, tears, or other indications that it had been exposed to a forceful or explosive discharge of any sort. The text of the letter criticized work supposedly being performed in the Lab and concluded as follows: "In the case you got today we could have planted explosives but not this time!!! Take Notice!!! You have 2 months to take operations down or else!!!!! WE ARE WATCHING YOU."

7. A federal agent assigned to the FBI's Joint Terrorism Task Force (the "JTTF Agent") and an NPD officer interviewed DUHAIME at approximately 10:00 p.m. on September 13, 2022. DUHAIME was not in custody and agreed to speak with the JTTF Agent and the NPD officer voluntarily.

8. Among other things, DUHAIME told the JTTF Agent that, when he opened the Subject Case, "all this energy and, like, these things come flying out. And I had a long sleeve shirt, and they flew up underneath, basically, and hit my arm. The case went up and then it came down." Later, DUHAIME described opening the Subject Case to the JTTF Agent as follows: "I popped it – the latches – and then I started to open it. And then I don't know how much it was open, but all this freakin' air, pressure, shit came flying out, like, and these little things – I felt them. I didn't necessarily see them 'cause it was dark, but they were, they hit me." DUHAIME told the JTTF Agent that he found the Threat Letter inside the Subject Case, read a portion of the letter, and then called the police.

9. DUHAIME allowed the JTTF Agent to photograph several small, superficial marks on his forearms. DUHAIME told the JTTF Agent that these marks appeared on his arms

immediately after he opened the Subject Case. When asked how painful it was, DUHAIME said, "I can take a lot of pain but, like, it hurt."

10. On September 14, 2022, DUHAIME contacted NPD and asked to speak with an officer. The JTTF Agent and an NPD officer subsequently spoke with DUHAIME at a Boston-area hotel. While discussing whether there was anything about his statements to the JTTF Agent on September 13th that he wanted to change, DUHAIME said, "Nope. Nothing I want to change. This is what happened. I'm honest. This is what happened."

11. As DUHAIME well knew, his statements to the JTTF Agent on September 13, 2022, about the Subject Case, the Threat Letter, and the marks on his forearms were false and misleading because, among other reasons, the Subject Case contained no small or sharp objects, no objects were expelled from the Subject Case when DUHAIME opened it, DUHAIME sustained no injuries from opening the Subject Case, and DUHAIME himself drafted the Threat Letter before he called the police.

## COUNT ONE
### False Information and Hoaxes
(18 U.S.C. § 1038(a)(1)(A))

The Grand Jury charges:

12. The Grand Jury realleges and incorporates by reference paragraphs 1 through 11 of this Indictment.

13. On or about September 13, 2022, in the District of Massachusetts, the defendant,

JASON DUHAIME,

did intentionally convey false and misleading information, under circumstances where such information may reasonably have been believed, that indicated that an activity had taken, was taking, and would take place, that would constitute a violation of Title 18, United States Code, Chapter 40, in that he reported that small objects were expelled from the Subject Case when he opened it and that the Subject Case contained a letter that stated, among other things, "In the case you got today we could have planted explosives but not this time!!! Take Notice!!! You have 2 months to take operations down or else!!!!! WE ARE WATCHING YOU."

All in violation of Title 18, United States Code, Section 1038(a)(1)(A).

COUNT TWO
False Statements
(18 U.S.C. § 1001(a)(2))

The Grand Jury further charges:

14. The Grand Jury realleges and incorporates by reference paragraphs 1 through 11 of this Indictment.

15. On or about September 13, 2022, in the District of Massachusetts, the defendant,

JASON DUHAIME,

knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, in that he told the JTTF Agent that small objects were expelled from the Subject Case when he opened it inside the Lab and that the small objects caused injuries to his arms, when, in fact, the Subject Case contained no small objects, no objects were expelled from the Subject Case when DUHAIME opened it, and DUHAIME sustained no injuries from opening the Subject Case.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT THREE
### False Statements
### (18 U.S.C. § 1001(a)(2))

The Grand Jury further charges:

16. The Grand Jury realleges and incorporates by reference paragraphs 1 through 11 of this Indictment.

17. On or about September 14, 2022, in the District of Massachusetts, the defendant,

### JASON DUHAIME,

knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, in that he told the JTTF Agent that his statements to the JTTF Agent described in paragraph 8 of this Indictment were true, when, in fact, DUHAIME knew his statements were false and misleading because, among other reasons, no objects were expelled from the Subject Case when DUHAIME opened it, DUHAIME sustained no injuries from opening the Subject Case, and DUHAIME himself authored the Threat Letter.

All in violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL.

_____
FOREPERSON

_____
Jason A. Casey
Assistant United States Attorney
District of Massachusetts

District of Massachusetts: October 27, 2022
Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK